**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:95-CR-403 CAS |
| | ) | |
| OPERA MOORE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Opera Moore's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). The government opposes the motion on the basis that the Court no longer has jurisdiction over the defendant's sentence. The Court will deny defendant's motion for sentence reduction, for lack of jurisdiction.

**Discussion**.

Defendant's motion for sentence reduction is based upon the state of his health. Defendant states that he is in "a state of very declining health with severe, chronic and terminal conditions the combination of which forms an extraordinary and compelling situation." Def.'s Mot. at 6. Defendant asserts that because of his medical condition, continued incarceration constitutes cruel and unusual punishment. Defendant states that United States Sentencing Guideline § 1B1.13 allows the Director of the Bureau of Prisons to ask the Court to place defendant on supervised release, but the Director will not make that request.

The statute pursuant to which defendant has filed the instant motion, 18 U.S.C. § 3582(c)(2), strictly limits a court's ability to modify a term of imprisonment. The statute provides in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that– . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Defendant essentially seeks release from prisoner as a matter of compassionate relief. A federal court may modify a criminal sentence within seven (7) days after it is orally announced. See Federal Rule of Criminal Procedure 35(a), (c). The seven-day limit is jurisdictional. See United States v. Austin, 217 F.3d 595, 597 (8th Cir. 2000). After the seven day period has passed, a district court lacks jurisdiction to alter a defendant's term of imprisonment except as authorized by 18 U.S.C. § 3582. Id. (quoting 18 U.S.C. § 3582(c)).

Subsection (c) of 18 U.S.C. § 3582 limits the Court's authority to modify a final judgment to the situation where a defendant was sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission. Defendant does not allege that his sentencing range has been subsequently lowered. The Court therefore cannot reduce defendant's sentence pursuant to § 3582(c).

Because defendant has filed his motion pro se, the Court construes it liberally. See Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994). The statutory basis, if any, for

defendant's argument would be 18 U.S.C. § 3582(c)(1)(A). This subsection provides that a court can modify a final judgment upon a motion by the Director of the Bureau of Prisons ("BOP") for "extraordinary and compelling reasons," which is sometimes referred to as the "compassionate relief" provision. See, e.g., Morales v. United States, 353 F.Supp.2d 204, 205 (D. Mass. 2005). This statute is referenced in Guidelines Section 1B1.13(1)(A), cited by defendant.

Moore is not eligible for a special circumstances reduction in his sentence based on his medical condition. Although the Court is sympathetic to defendant's condition, section 3582(c)(1)(A) requires that the Director of the BOP file a motion, see United States v. Smartt, 129 F.3d 539, 541 (10th Cir.1997), and no such motion has been filed in this case. The Court is not free to ignore the requirements that Congress has established for modification of a criminal sentence. See United States v. Blackwell, 81 F.3d 945, 946 (10th Cir. 1996) ("Congress has authorized the federal courts to modify a sentence only in limited circumstances. [If] no congressional enactment authorize[s] the court to modify Defendant's sentence in the instant case, the court [will] lack[] jurisdiction to do so.").

Defendant's motion also cites the United States Supreme Court's decisions in United States v. Booker, 543 U.S. 220 (2005), and Blakely v. Washington, 542 U.S. 296 (2004), and asserts that he should be resentenced pursuant to these decisions. The Eighth Circuit has held, however, that Booker and Blakely do not apply retroactively on collateral review. See Never Misses A Shot v. United States, 413 F.3d 781, 783-84 (8th Cir. 2005) (per curiam) (Booker); United States v. Hernandez, 436 F.3d 851, 855 (8th Cir. 2006) (Blakely). Because defendant's sentence was final at the time Booker and Blakely were decided, these decisions do not affect his sentence and cannot afford a basis for sentence reduction.

3

For the foregoing reasons, the Court concludes that it lacks jurisdiction to reduce defendant's sentence and, as a result, defendant's motion to reduce his sentence must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Opera Moore's Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) is **DENIED**.  [Doc. 79]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  21st  day of July, 2008.